UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIRGINIA HOWLAND,

    Plaintiff,

vs.                              CASE NO. 3:05-cv-550-J-HTS

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.

_____

**O R D E R**[1]

This cause is before the Court on the Unopposed Motion for Entry of Judgment with Remand (Doc. #9; Motion), filed on August 16, 2005. Defendant requests that the case be remanded for various reasons which are set forth in the Motion. *See id.* at 1-2. The Commissioner asserts the cause should "be reversed and remanded under sentence four of 42 U.S.C. §405(g) (dealing with judicial review of benefit determinations) and § 1383(c)(3) (incorporating provisions of section 405 with respect to judicial review of supplemental security income determinations)[.]" *Id*. at 3. Counsel for Plaintiff has no objection to the Motion, *id.* at 2, and such a disposition is clearly within the Court's authority. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

---

    [1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #11), filed on August 30, 2005.

Accordingly, the Motion (Doc. #9) is **GRANTED**, and the Clerk of the Court is directed to enter judgment **REVERSING AND REMANDING** this case pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) with the following instructions:

> The [Commissioner will have the ALJ] schedule a supplemental hearing and update the treatment record, if warranted, obtain additional consultative examinations, and obtain the testimony of a medical advisor, preferably a mental health specialist.
>
> The medical advisor should be asked to determine whether Plaintiff's impairments meet or equal a Listing at any time after the alleged onset date. The medical advisor should be asked to provide specific references in the transcript to support the conclusion.
>
> The medical advisor will be asked to assess Plaintiff's non-compliance with treatment after her alleged onset date. If Plaintiff is found disabled, the medical advisor should be asked to assess whether Plaintiff's compliance with treatment would have restored her ability to work. The medical advisor should be asked to assess whether Plaintiff is currently compliant or non-compliant with treatment, and if so, how long she has been compliant or non-compliant.
>
> The medical advisor will be asked to assess Plaintiff's substance abuse after her alleged onset date. If Plaintiff is found disabled, the medical advisor should be asked whether substance abuse was a factor material to disability[.]

Motion at 1-2.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of September, 2005.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
     *pro se* parties, if any